UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHAROTTE DIVISION
DOCKET NO. 3:07-CV-00391-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| KODJOVI RAPHAELTOTOU, ) | |
| INDIVIDUALLY & D/B/A ) | |
| QUEEN CITY TAX SERVICES ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon a letter sent by Defendant Kodjovi Raphael Totou to the Chambers of the Honorable Frank D. Whitney. (Doc. No. 24). This letter, dated May 2, 2013, requests that the Court remove a permanent injunction from Defendant's record against performing certain tax preparation activities that was stipulated to by Defendant and Plaintiff United States of America. See (Doc. No. 17). The Court treats this letter as a Motion to lift the permanent injunction. For the reasons set forth below, the Motion is DENIED. The permanent injunction remains in effect unchanged and Defendant is cautioned by the Court that he remains required to comply with its provisions indefinitely.

Plaintiff's original Complaint sought an injunction under 26 U.S.C. §§ 7402(a) & 7407 prohibiting Defendant from performing certain tax preparation activities. (Doc. No. 1). Defendant agreed to a Stipulated Judgment of Permanent Injunction and the Court issued the Stipulated Judgment on May 14, 2008. (Doc. No. 17). Among in the provisions in the Stipulated Judgment, Defendant acknowledged that he violated 26 U.S.C. § 6694, and agreed

that he would be permanently enjoined from a number of specific tax preparation activities in the future. In addition, Defendant "agree[d] that this permanent judgment constitutes the final judgment in this matter, and . . . waive[d] any right to appeal from this judgment." (Doc. No. 17, p. 2). Furthermore, Defendant "consent[ed] to the entry of th[e] Stipulated Judgment of Permanent Injunction . . . and agree[d] to be bound by its terms." (Doc. No. 17, p. 2).

In his Motion, Defendant provides no legal argument for lifting the permanent junction and states that "This injunction had [sic] slowed my entire life down for almost five years now and I'm still struggling to find a job anywhere in this Country. I'm writing this letter to you to ask for a second chance to please remove the permanent injunction from my record if possible so I can move on with my life. I have learnt my lessons." (Doc. No. 24). The allegedly damaging effect of the permanent injunction on Defendant and his claim that he has "learnt [his] lessons" do not provide the Court with any grounds to lift the permanent injunction to which Defendant previously stipulated. As such, Defendant's Motion is DENIED.

For the above reasons, Defendant's Motion to lift the permanent injunction is DENIED. The permanent injunction remains in full force and effect indefinitely. Defendant is reminded, as the stipulation clearly states (Doc. No. 17, p. 2), that failure to comply with the stipulation's provisions may result in Defendant being held in contempt of court and subjected to sanctions, including possible jail time.

Signed: May 22, 2013

IT IS SO ORDERED.

Frank D. Whitney
United States District Judge